ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| JAN CARLOS GAUTIER RIVERA<br><br>Recurrente<br><br>v.<br><br>GOBIERNO DE PUERTO RICO; DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurridos | TA2025RA00179 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Núm. Confinado: P676-20734<br><br><br>Sobre: Apelación sobre Acuerdo del Comité de Clasificación y Tratamiento |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 21 de octubre de 2025.

Compareció ante nos, por derecho propio e *in forma pauperis*, el Sr. Jan Carlos Gautier Rivera (en adelante, "señor Gautier Rivera" o "recurrente"), quien se encuentra confinado bajo la custodia del Departamento de Corrección y Rehabilitación (en adelante, "DCR" o "recurrido") mediante recurso de revisión administrativa presentado el 29 de julio de 2025. Nos solicitó la revisión de la Resolución de hecho y derecho emitida y notificada el 26 de junio de 2025. En esa determinación, se ratificó el nivel de custodia máxima en la cual se encuentra el recurrente.

Por los fundamentos que discutiremos a continuación, se **desestima** el recurso de epígrafe.

**-I-**

Según se desprende del expediente, el señor Gautier Rivera cumple una sentencia de 41 años, 6 meses y 1 día en prisión por los delitos siguientes: asesinato en segundo grado, portación y uso de armas blancas, daño agravado, Artículo 404 de la Ley de Sustancias

Controladas, fuga, empleo de violencia o intimidación contra la autoridad pública, resistencia u obstrucción a la autoridad pública, amenazas y posesión e introducción de objetos a un establecimiento penal.[1]

Posteriormente, el 26 de junio de 2025, el Comité de Clasificación y Tratamiento (en adelante, "CCT") realizó una revisión rutinaria en la cual evaluó al señor Gautier Rivera en una *Escala de reclasificación de custodia (casos sentenciados)* y este obtuvo una puntuación total de 3 puntos. Aun cuando la escala de reclasificación de custodia arrojaba una puntuación correspondiente a custodia mínima, el CCT recomendó el nivel de custodia máxima para el señor Gautier Rivera como una modificación discrecional debido a que:

> Durante su confinamiento el MPC ha demostrado una desobediencia ante las normas institucionales al incurrir en extenso patrón de querellas disciplinarias, de las cuales al menos una se ha convertido en la comisión de nuevos delitos estando en prisión incrementado así la sentencia impuesta y perfilándose como confinado de dif[í]cil[l] manejo. No ha mostrado ajustes institucionales estables. [2]

Mediante el *Acuerdo del Comité de Clasificación y Tratamiento*, se acogió la recomendación del CCT y acordó como sigue:

> Se ratifica custodia máxima. Dormitorio: continúe en el B5 5026. Estudios: continúe referido al área educativa. Trabajo: no se asigna. Tratamiento: continúe referido al área de Physician Correctional. Se orienta sobre el Reglamento Interno para el Plan de Tratamiento Institucional obligatorio, el cual está en vigencia. Se conceden 14 días de bonificación adicional del 6 de diciembre de 2024 al 6 de junio de 2025. Se refiere informe FE-I-3 a la Junta de Libertad Bajo Palabra.[3]

En consecuencia, el 26 de junio de 2025, el CCT emitió y notificó una *Resolución de hechos y derechos* en la cual ratificó la custodia máxima del señor Gautier Rivera.[4]

Inconforme con lo anterior, 29 de julio de 2025, el señor Gautier Rivera presentó una revisión judicial ante esta Curia y, en

---

[1] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (en adelante, "SUMAC-TA"), entrada núm. 1, anejo 2, págs. 1-2.
[2] *Id*, entrada núm. 1, anejo 4, pág. 2.
[3] *Id*, entrada núm. 1, anejo 3, pág. 1.
[4] *Id*, entrada núm. 1, anejo 2, págs. 1-4.

esencia, alegó que el CCT no cumplió con la perspectiva general del Manual para la Clasificación de Confinados.

Por su parte, el 29 de septiembre de 2025, el DCR presentó *Escrito en cumplimiento de resolución y solicitud de desestimación.*[5] Allí alegó que, el 6 agosto de 2025, el CCT realizó una evaluación de custodia no rutinaria en la cual se reclasificó su nivel de custodia de máxima a mediana. Por lo cual, argumentó que procedía desestimar el recurso de epígrafe, toda vez que el caso se tornó académico.

De otro lado, el 7 de octubre de 2025, el recurrente presentó una *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia.*[6]

El 10 de octubre de 2025, emitimos una *Resolución* mediante la cual autorizamos la litigación *in forma pauperis* y por derecho propio del recurrente, toda vez que no posee los medios económicos para sufragar los costos del litigio.

Con el beneficio de la comparecencia escrita de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**-II-**

**A. Academicidad**

El principio de justiciabilidad establece que los tribunales podemos evaluar los méritos de los casos si existe una controversia real y genuina entre las partes. *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727, 738 (2022). En ese sentido, los tribunales estamos llamados a intervenir solo en casos justiciables. *Bhatia Gautier v. Gobernador*, 199 DPR 59, 68 (2017). Así pues, se considera que una controversia no es justiciable cuando:

> (1) se procura resolver una cuestión política; (2) una de las partes carece de legitimación activa; (3) *hechos posteriores al*

---

[5] SUMAC-TA, entrada núm. 3, págs. 1-8.
[6] SUMAC-TA, entrada núm. 4, págs. 1-8.

*comienzo del pleito han tornado la controversia en académica*;
(4) las partes están tratando de obtener una opinión consultiva, o (5) se intenta promover un pleito que no está maduro.

*Super Asphalt v. AFI y otro*, 206 DPR 803, 815 (2021) (énfasis en el original).

Como se observa, la doctrina de academicidad es una de las instancias de las justiciabilidad. *Íd.* Se considera que un caso es académico cuando se intenta obtener: (i) un fallo sobre una controversia disfrazada, que en realidad no existe, (ii) una determinación de un derecho antes de que éste haya sido reclamado o (iii) una sentencia sobre un asunto que, al dictarse, por alguna razón no podrá tener efectos prácticos sobre una controversia existente. *Íd.,* pág. 816. Igualmente, una controversia es académica cuando los cambios fácticos o judiciales acaecidos durante el trámite judicial tornan en ficticia su solución, es decir, la controversia deja de estar viva y presente. *Díaz Díaz v. Asoc. Res. Quintas San Luis*, 196 DPR 573, 578 (2016). Como norma general, cuando la controversia se torna académica en etapa apelativa, los foros revisores estamos obligados a: (1) desestimar el recurso ante nuestra consideración, (2) dejar sin efecto el dictamen del foro primario y (3) devolver el caso al foro primario con instrucciones de que se desestime la demanda. *Íd.*

Cónsono con lo anterior, la Regla 83 (B)(5) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, confiere autoridad al Tribunal para desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia o a petición de parte, cuando carezca de jurisdicción por tornarse académico. De esa forma, si al hacer el análisis, el tribunal concluye que la controversia es académica y no restan otros asuntos ante su consideración, tiene el deber de así declararlo y proceder con la desestimación del recurso apelativo sin entrar en los méritos de la

controversia. *Super Asphalt v. AFI y otro,* supra, pág. 816; *Díaz Díaz v. Asoc. Res. Quintas San Luis,* supra, pág. 578.

Ahora bien, existen excepciones a la doctrina de academicidad que permiten la consideración de un caso que, de otro modo, sería académico, a saber:

> (1) cuando se plantea una *cuestión recurrente* que, por su naturaleza, se hace muy difícil dilucidarla nuevamente en los tribunales; (2) cuando la situación de hechos ha sido cambiada por el demandado pero no tiene visos de permanencia; (3) cuando las controversias aparentemente son académicas, pero que en realidad no lo son por sus *consecuencias colaterales*; y (4) cuando el tribunal ha certificado un pleito de clase y la controversia se tornó académica para un miembro de la clase, mas no para el representante de la misma.

*RBR Const., SE v. AC,* 149 DPR 836, 846 (1999) (énfasis en el original).

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En el caso de autos, el recurrente alega que el CCT erró al no reclasificar su nivel de custodia máxima a mínima aun cuando obtuvo la puntuación requerida para ello. Por lo cual, sostiene que el CCT no cumplió con la perspectiva general del Manual para la Clasificación de Confinados.

Por su parte, el DCR argumenta que la controversia ante nos es académica, en la medida que el 6 de agosto de 2025, se reclasificó el nivel de custodia del señor Gautier Rivera. Por tanto, nos solicita la desestimación del caso de epígrafe.

Tras examinar la totalidad del expediente de autos, resulta evidente que ocurrieron cambios fácticos que tornaron ficticia la controversia ante nuestra consideración. Nos explicamos.

Surge del expediente que, el 6 de agosto de 2025, el CCT realizó una revisión no rutinaria mediante la *Escala de reclasificación de custodia (casos contenciosos)* en la cual el recurrente obtuvo una puntuación total de 3 puntos. Véase,

SUMAC-TA, entrada núm. 3, anejos, págs. 2-4. Por lo cual, el CCT recomendó el nivel de custodia mediana con asignación a población general. Además, en el *Acuerdo del comité de clasificación y tratamiento* acogió la recomendación del CCT. Véase, SUMAC-TA, entrada núm. 3, anejos, pág. 1. En igual fecha, 6 de agosto de 2025, el CCT emitió y notificó *Resolución de hechos y derecho* mediante la cual reclasificó la custodia máxima del señor Gautier Rivera a custodia mediana por reconsideración concedida. Véase, SUMAC-TA, entrada núm. 3, anejos, págs. 5-7.

Por lo tanto, en la medida que el CCT reconsideró la reclasificación del recurrente, no hay nada que este foro revisor pueda proveer, debido a que la resolución recurrida fue modificada en tiempo posterior a su solicitud de revisión ante nos. Así las cosas, la controversia planteada en el recurso de autos se tornó académica. Conforme a la normativa que expusimos previamente, una vez determinamos que el recurso es académico, debemos de abstenernos de considerarlo en sus méritos.

En consecuencia, aclaramos que, si el recurrente está inconforme con su nueva reclasificación de custodia, lo que procede es agotar los remedios administrativos respecto a la *Resolución de hecho y derecho* del 6 de agosto de 2025. Una vez esto sea cumplido oportunamente, el recurrente podrá, de así entenderlo pertinente, presentar un recurso de revisión judicial conforme a los términos reglamentarios aplicables.

**-IV-**

Por los fundamentos previamente expuestos, se **desestima** el recurso de epígrafe.

Lo acordó y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones